FILED & ENTERED

JUL 21 2017

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum    DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>TARAY CATHERINE ROBERTS,<br><br>      Debtor. | Case No. 2:17-bk-16532-RK<br><br>Chapter 7<br><br>**ORDER DENYING DEBTOR'S MOTION TO VACATE DISMISSAL** |

  Having considered the Motion of Debtor Taray Catherine Roberts to Vacate Dismissal and Reinstate Chapter 7 Bankruptcy Case Pursuant to LBR 1017-2(c) ("Motion") (Docket No. 13) filed on July 12, 2017, the court hereby denies the Motion for the following reasons.

  Debtor's bankruptcy case was dismissed by the court pursuant to an order entered on June 13, 2017 (Docket No. 11) due to Debtor's failure to file required documents under Federal Rule of Bankruptcy Procedure 1007.

  The Motion to vacate dismissal is governed by Local Bankruptcy Rule ("LBR") 1017-2(c)(1), which provides that any motion requesting that the dismissal of a case for

-1-

1  failure to timely file a required document be vacated "must include as exhibits to the
2  motion all of the documents that were not timely filed and must be supported by a
3  declaration under penalty of perjury establishing a sufficient explanation why the
4  documents were not timely filed." LBR 1017-1(c)(1).  Debtor's Motion is procedurally
5  defective because it does not include as exhibits with all of the documents that were not
6  timely filed and does not include a declaration under penalty of perjury.
7       The case docket reflects that on May 31, 2017, Debtor filed 4 missing documents
8  listed on the Case Commencement Deficiency Notice issued on May 26, 2017, but she
9  did not file 14 missing documents on the court's Order to Comply with Federal Rule of
10 Bankruptcy Procedure 1007 and Notice of Intent to Dismiss Case also issued on May
11 26, 2017, which includes of most of the bankruptcy schedules which should have been
12 included with the bankruptcy petition, such as the real and personal property schedules,
13 income and expense schedules, the schedules of secured, priority and general
14 unsecured claims and the statement of financial affairs (Schedules A/B, C, D, E/F, G, H,
15 I and J, Statement of Financial Affairs and Means Test Calculation).  None of these
16 missing documents were included as exhibits in the Motion or have been shown as filed
17 on the case docket.  Without these schedules, there is very little meaningful information
18 for the Chapter 7 trustee, for creditors and the court to evaluate this case, especially for
19 the trustee in administering the case.
20      ///
21      ///

1    The court is sympathetic to Debtor's argument that she wants to avoid having to
2 refile another bankruptcy case, which might affect her credit record as having had two
3 bankruptcy cases filed.  However, the Motion does not comply with the court's rules as
4 discussed above, and there is no explanation why the 14 missing documents listed on
5 Order to Comply were not filed or discussed in the Motion.
6    The Motion is DENIED.
7    IT IS SO ORDERED.
8                                                                ###

25    Date: July 21, 2017                    _____
26                                            Robert Kwan
                                              United States Bankruptcy Judge